**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEONDRE RAGLIN,

                     Plaintiff,

       v.

MV SAILOR CORP.,

                  Defendant.

Case No.: 2:22-cv-03724-MEMF (JEMx)

**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

On June 1, 2022, Plaintiff Deondre Raglin filed a Complaint against Defendant MV Sailor Corp. asserting: (1) a claim for injunctive relief and declaratory judgment arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131; (2) a claim for damages and declaratory judgment pursuant to California's Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE §§ 51–52 *et seq.*; (3) a claim for damages pursuant to the California Disabled Persons Act, CAL. CIV. CODE §§ 54 *et seq.*; (4) a claim for damages and injunctive relief pursuant to the, California Unfair Competition Act, CAL. BUS. & PROF. CODE §17200 *et seq.*; and (5) a claim for negligence. *See generally* ECF No. 1. The Complaint alleges that this Court has jurisdiction over the

1    ADA claim pursuant to 28 U.S.C. §§ 1331, and that the state law claims are brought "pursuant to

2    pendant [sic] jurisdiction." *Id.* ¶ 2.

3         Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,

4    28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when

5    deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in

6    each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,

7    and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)

8    (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

9         California law sets forth a heightened pleading standard for a limited group of lawsuits

10   brought under the Unruh Act. *See* CAL. CIV. PROC. CODE §§ 425.55(a)(2) & (3). The stricter

11   pleading standard requires certain plaintiffs bringing construction-access claims like the one in the

12   instant case to file a verified complaint alleging specific facts concerning the plaintiff's claim,

13   including the specific barriers encountered or how the plaintiff was deterred and each date on which

14   the plaintiff encountered each barrier or was deterred. *See* CAL. CIV. PROC. CODE § 425.50(a). A

15   "high-frequency litigant fee" is also imposed on certain plaintiffs and law firms bringing these

16   claims. *See* CAL. GOV'T CODE § 70616.5.

17        In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court

18   should exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons

19   Act claim, the California Unfair Competition Act, and the negligence claim. *See* 28 U.S.C. §

20   1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory

21   damages Plaintiff seeks to recover. Plaintiff and Plaintiff's counsel shall also support their responses

22   to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts

23   necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as

24   provided by California Code of Civil Procedure §§ 425.55(b)(1) and (2).

25

26

27   / / /

28   / / /

Plaintiff shall file a Response to this Order to Show Cause within fourteen (14) days of the date of this Order. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act, the California Disabled Persons Act, the California Unfair Competition Act, and the negligence claims pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**


Dated: October 13, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge